Argued and submitted August 10, affirmed December 7, 1981,
reconsideration denied January 21,
petition for review allowed February 10, 1982 (292 Or 568)
See later issue Oregon Reports

## STATE OF OREGON,
*Respondent,*

*v.*

## LOIS MARIE CARAHER,
*Appellant.*

### (No. C80-12-34315, CA A20330)

637 P2d 217

Linda K. Eyerman, Metropolitan Public Defender, Portland, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The issue in this criminal case is whether the closed coin compartment of a wallet removed from defendant's purse following her arrest and while she was being transported to jail could be searched by the police without a warrant, absent probable cause and exigent circumstances. The trial court ruled that it could be searched.[1] We agree and, therefore, affirm.

After defendant's arrest, her purse was taken by one of the arresting officers. While enroute to the jail, that officer searched the purse, including the wallet contained therein. Inside the wallet's closed coin compartment, the officer found a piece of paper which contained one cross-topped tablet and chunks of another cross-topped tablet. Subsequent laboratory analysis confirmed the presence of a controlled substance in both tablets. Defendant's pre-trial motion to suppress was denied by the trial court. She then waived trial by jury, stipulated to the evidence and was convicted by the court.

The issues here have been narrowed. Defendant does not dispute that the state had probable cause to arrest her, nor does she object to the seizure of her purse. She objects only to the search of her wallet. Defendant relies on *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979); and *United States v. Chadwick,* 433 US 1, 97 S Ct 2476, 53 L Ed 2d 538 (1977).[2] The state does not contend it had probable cause independent of the original arrest to believe the wallet contained contraband or that there were exigent circumstances

---

[1] The trial court said:

"* * * I think they had a right to inventory that purse. Whether it was done in the police car or done in the jail doesn't make a whit of difference.

"It's not like opening containers. They are looking in her wallet. I think they have an obligation to inventory her possessions for her protection and their own, and a pill is not something that's so hard to identify. As I understand, they are cross tops, and they're very apparent and obvious when you see one.

"I think it's a good search, and I will deny your motion."

[2] Neither *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979), nor *United States v. Chadwick,* 433 US 1, 97 S Ct 2476, 53 L Ed 2d 538 (1977), involved an arguably valid search incident to a lawful custodial arrest. *See New York v. Belton,* 453 US 454, 461, 101 S Ct 2860, 69 L Ed 2d 768 (1981).

during the period defendant was being transported to the booking facility. Rather, the state contends that defendant's purse and its contents, including the wallet, were searched incident to a lawful custodial arrest.

In *State v. Brown,* 291 Or 642, 655, 634 P2d 212 (1981), the Supreme Court held:

"* * * that the police without a warrant may search a closed container seized from the person of an individual during the booking process at the place of detention as an incident to a lawful arrest. The search may be made independent of probable cause other than the lawful arrest and without exigent circumstances. The search of the person includes the opening of small containers found on the person or in clothing worn by the arrested individual."

We see no reason to distinguish this case from *Brown* merely because defendant's purse was searched while she was enroute to the booking facility rather than after she arrived there.

Affirmed.